IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.   **CRIMINAL NO. 2:15-CR-9-KS-MTP**

**ELIJAH PARISH**

### ORDER

On August 6, 2015, Defendant pleaded guilty to possession of 5 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On October 28, 2015, the Court sentenced him to 130 months of imprisonment followed by 10 years of supervised release. On September 8, 2020, Defendant filed a pro se Motion for Compassionate Release [65] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until August 2024 and will not be eligible for home detention until February 2024.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the

Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious function or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C). Finally, the policy statement contains a catch-all provision that the Bureau of Prisons may determine whether there is some other "extraordinary and compelling reason" other than those in subdivisions (A) through

2

(C). U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(D).

Defendant seeks a reduction of his sentence to time served or to be placed on home confinement. First, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of sentence, Defendant expressly stated that he does not seek a reduction on the basis of "health, age, or caregiver-related" reasons. Rather, he argues that the Court should grant a reduction of sentence under the catch-all provision discussed above. The Fifth Circuit has declined to weigh in on the split in authority as to whether the catch-all provision "delegates only to the Bureau of Prisons." *United States v. Thompson*, --- F.3d ---, 2021 WL 37493, at *2 n. 4 (5th Cir. Jan. 5, 2021). This Court, however, defers to the plain language of the policy statement, which delegates the authority to determine whether such "other reasons" exist to the Bureau of Prisons. *See, e.g. United States v. Garcia*, 457 F. Supp. 3d 651, 655-56 (C.D. Ill. 2020) (policy statement provision requiring "catch-all" to be determined by BOP was not overridden by First Step Act).

Defendant also vaguely argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at FCI Beaumont in Beaumont, Texas. He argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the

facility, and that he is at a higher risk of death because he has been a smoker for over half of his life.

The Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant has not articulated a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. Defendant's status as a smoker does not fit the bill. Regardless, "[p]reexisting medical conditions that place a defendant at increased risk

for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Additionally, Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

Additionally, Defendant has not demonstrated that he would not be a danger to the safety of any other person or the community if released. In the presentence report, the probation officer represented that a Georgia task force officer informed agents that Defendant was driving to Georgia at least twice a month and obtaining at least a half pound of methamphetamine each trip, which he then sold in Jones County, Mississippi. Agents observed Defendant sell 29.1 grams of "ice" methamphetamine to a CI, distribute 194.6 grams of "ice" methamphetamine to a co-conspirator, and caught him in possession of 134.23 grams of methamphetamine. Defendant has multiple arrests by local law enforcement agencies in Jones County, Mississippi related to drug trafficking. Indeed, he has an extensive criminal history in the drug trade. He has also been arrested for simple assault and simple domestic

5

violence, and convicted of possession of a firearm by an unlawful user of a controlled substance.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 2021 WL 37493 at *3. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5. Defendant still has three years left in his sentence, and he has not provided any good reason why he should not serve it. The BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [65].[1]

SO ORDERED AND ADJUDGED this 26th day of January, 2021.

>  /s/     Keith Starrett
> KEITH STARRETT
> UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).